```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ALBERT COPPEDGE,

                Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     21-CV-4718(JS)(ARL)

NEW YORK STATE, NEW YORK STATE
DEPARTMENT OF SOCIAL SERVICES,
HON. ANDREW CUOMO, and
THE DEPARTMENT OF SOCIAL SERVICES
Supervising/Administrator,

                Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:     Albert Coppedge, pro se
                   215953
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, New York  11901

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On or around August 19, 2021, incarcerated pro se plaintiff Albert Coppedge ("Plaintiff") commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against New York State, the New York State Department of Social Services, then-Governor Andrew Cuomo, and an unidentified supervisor or administrator at the Department of Social Services (collectively, "Defendants"). (Compl., ECF No. 1.)  Plaintiff did not file an application to proceed in forma pauperis ("IFP") nor remit the filing fee with his Complaint. By Notice of Deficiency dated August 20, 2021, Plaintiff was instructed to complete an IFP

application and a Prisoner Authorization form pursuant to the Prison Litigation Reform Act ("PLRA") within fourteen (14) days. (Notice of Deficiency, ECF No. 2.)  Plaintiff timely filed an IFP application and PLRA form.  (IFP App., ECF No. 6; PLRA Form, ECF No. 7.)  For the reasons that follow, Plaintiff's IFP application is GRANTED; however, the Complaint is DISMISSED without prejudice.

BACKGROUND

Despite the brevity of Plaintiff's Complaint, which was submitted on the Court's form complaint for civil rights actions pursuant to Section 1983, it is incomprehensible and non-sensical. (See generally Compl.)  In its entirety, Plaintiff alleges:[1]

> First claim is against Governor Andrew Cuomo of New York State.  By which the certificate of live birth proves unlawful and assumable jurisdiction, under seal of New York State, this document forges denaturalization a federal crime.  Pursuant the 13th amendment which abolished slavery and its names (Negro, black, colored etc.) Plaintiff is Moorish-American non-14th Amendment person (commercial property).  Date 4/17/74.
>
> Second claim/complaint, is against the Department of Social Services, for allowing Mr. Celus Coppedge via the Suffolk County Family courts to adopt I the plaintiff Albert R. Gordon – El Ex rel, without having any proof of Birth, of consanguinity. C. 4/17/84.

(Id. ¶ IV.)  In the space on the form Complaint that calls for a description of any injuries suffered and/or any medical treatment needed and/or received, Plaintiff responded:

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

> Mental anguish, was treated and diagnosed as needing psychiatric treatment via the Department of Social Service Records. Thus determined to have antisocial disorder, and exempt to work.

(Id. ¶ IV.A.) For relief, Plaintiff seeks "to be compensated $90,000,000 U.S.D. and the correction of my proper status via nationality of my forefathers. Relief et al. by the crime of human trafficking." (Id. ¶ V.)

## DISCUSSION

I. Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP application is GRANTED.

II. Relevant Legal Standards

    A. Consideration of the Complaint Under 28 U.S.C. §§ 1915, 1915A

Section 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); 1915A(b). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage

Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). "But the 'special solicitude' in pro se cases has its limits -- to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." Wynn v. Regus Mgmt. Grp. LLC, No. 21-CV-3503, 2021 WL 2018967, at *1 (S.D.N.Y. May 17, 2021) (quoting Triestman, 470 F.3d at 475).

B.  Federal Rule of Civil Procedure 8

Rule 8 of the Federal Rules of Civil Procedure also requires that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Indeed, pleadings must give "'fair notice of what the plaintiff's claim is and the grounds upon which it rests'" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005)

4

(quoting Conley v. Gibson, 335 U.S. 41, 47 (1957), overruled in part on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

Under Rule 8, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 557).  Further, a pleading that only "tenders naked assertion[s] devoid of further factual enhancement" will not suffice. Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted).  And a court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Tawfik v. Georgatos, No. 20-CV-5832, 2021 WL 2953227, at *2 (E.D.N.Y. July 14, 2021)(Seybert, J.).

5

    C.    <u>Section 1983</u>

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." <u>Rodriguez v. Shoprite Supermarket</u>, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted). In addition, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." <u>Brandon v. Kinter</u>, 938 F.3d 21, 36 (2d Cir. 2019) (citation and quotations omitted). To establish personal involvement under Section 1983, the plaintiff must "plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution,'" that is, personally participated in the alleged constitutional deprivation. <u>Tangreti v. Bachmann</u>, 983 F.3d 609, 618 (2d Cir. 2020) (quoting <u>Iqbal</u>, 556 U.S. at 675).

6

III. Application of 28 U.S.C. §§ 1915, 1915A

Applying these standards to Plaintiff's Complaint, even with the special solicitude afforded to pro se pleadings, it is readily apparent that Plaintiff's claims must be dismissed.

First, to the extent Plaintiff asserts any claims against the State of New York, "[i]t is well established that 'New York State has not waived its sovereign immunity from Section 1983 claims.'" Harrison v. New York, 95 F. Supp. 3d 293, 314 (E.D.N.Y. 2015)(quoting Nolan v. Cuomo, No. 11-CV-5827, 2013 WL 168674, at *7 (E.D.N.Y. Jan. 16, 2013)); see also KM Enters., Inc. v. McDonald, 518 F. App'x 12, 13 (2d Cir. 2013) ("As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." (citing U.S. Const. amend. XI)).  As such, Plaintiff's claims against New York State are barred by the Eleventh Amendment.

Second, Plaintiff's claims are untimely.  Pursuant to New York Law, Section 1983 claims are governed by a three-year statute of limitations. See Wheeler v. Slanovec, No. 16-CV-9065, 2019 WL 2994193, at *5 (S.D.N.Y. July 9, 2019) (instructing that federal claims pursuant to Section 1983 are governed by the applicable state's statute of limitations for persona injury torts and "federal courts in New York apply a three-year statute of limitations for personal injury actions to [Section] 1983 claims" (citations omitted)).  Plaintiff indicated his first claim accrued

7

on April 17, 1974 and that his second claim accrued on April 17, 1984. (See Compl. at 4.) As such, the conduct giving rise to Plaintiff's claims occurred decades outside of the applicable three-year statute of limitations. In other words, Plaintiff is barred from bringing his two claims; therefore, they must be dismissed.

Third, the Court finds Plaintiff's allegations to be fanciful and delusional to the point which renders his claims baseless and frivolous. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."); Mecca v. U.S. Gov't, 232 F. App'x 66, 67 (2d Cir. 2007) (affirming district court dismissal of complaint that was "replete with fantastic and delusional scenarios"); Samuel v. Bloomberg, No. 13-CV-6027, 2013 WL 5887545, at *1 (E.D.N.Y. Oct. 31, 2013) ("Plaintiff's allegations--even under the very liberal reading we accord pro se pleadings (and even if plaintiff himself believes them to be true)--can only be described as delusional and fantastic." (citing Denton, 504 U.S. at 33)).

Although difficult to decipher, the Court distills Plaintiff's two claims as follows: (1) that Plaintiff's birth

8

certificate issued by New York State is unlawful and illegally subjects him to the jurisdiction of this State, which, consequently, is a form of slavery and violates the Thirteenth Amendment of the U.S. Constitution; and (2) that the Department of Social Services committed human trafficking by facilitating the adoption of Plaintiff. "Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this frivolous action is dismissed." Samuel, 2013 WL 5887545, at *1 (citing Livingston, 141 F.3d at 437).

IV. Plaintiff's Lawsuit against Ruthie Elis and Judge Saladino

In his Complaint, Plaintiff indicates that he has another pending case in the Eastern District of New York against "Ruthie Elis and Judge Saladino" that was filed on July 6, 2021. (See Compl. at 1.) Although Plaintiff attached a letter to his Complaint in the instant action which appears to refer to the purported separate action against Ruthie Elis and Judge Saladino (hereafter, the "Letter") (see id. at 6), a search of the Court's filing system did not yield any evidence of this alleged separate action. However, in light of Plaintiff's pro se status, the Court will construe the Letter as Plaintiff's Complaint for a separate action against Ruthie Elis and Judge Saladino and directs the Clerk of Court to assign it a separate docket number. Thereafter, the Court will address it separately.

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application (ECF No. 6) is GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A and that this case is CLOSED; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall open a new case under a separate docket number and docket the Letter (ECF No. 1 at 6) as the complaint for Plaintiff's claims against Ruthie Elis and Judge Saladino, which is to be deemed filed as of July 6, 2021;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the pro se Plaintiff at his address of record and include the notation "Legal Mail" on the envelope.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January 6, 2022
Central Islip, New York